IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| The Next Big Thing, LLC, | ) | Case No. 23-80951-TLS |
| | ) | |
| Debtor. | ) | |
| | ) | |

**UNITED STATES TRUSTEE'S MOTION TO CONVERT
TO A CHAPTER 7 CASE FOR CAUSE**

Jerry Jensen, Acting United States Trustee, through undersigned counsel, hereby moves the Court, pursuant to 11 U.S.C. § 1112(b) to enter an order converting this case to one under Chapter 7 of the Bankruptcy code, and further states as follows:

1. This motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157. Venue of this case is proper in this Court under 28 U.S.C. § 1408.

2. On November 20, 2023, Debtor filed its voluntary chapter 11 petition and schedules.

3. The § 341(a) meeting of creditors concluded on January 9, 2024.

4. Debtor's schedules show and the § 341(a) meeting of creditors revealed that Debtor is no longer conducting any business operations, has no employees, and has liquidated its property.

5. Debtor has filed objections to claims of certain creditors, including creditor Beacon Funding Corp. (Filing No. 22). Beacon Funding filed a resistance (Filing No. 27), and the matter is set for hearing on May 7, 2024.

6. The Court has ordered Debtor to file a plan no later than May 1, 2024. (Filing No. 33).

7. The Bankruptcy Code mandates dismissal or conversion of a case when cause exists. 11 U.S.C. § 1112(b)(1).

8. Examples of cause listed in § 1112(b)(4) are not exhaustive but include "(A) a substantial or

continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."

9. The Court retains broad discretion to consider other factors, including lack of good faith in filing, when determining whether to dismiss or convert a chapter 11 case. *All Denominational New Church v. Pelofsky (In re All Denominational New Church)*, 268 B.R. 536, 537 (B.A.P. 8th Cir. 2001).

10. Pursuant to 11 U.S.C. § 1107(a), a debtor in possession in a Chapter 11 case assumes the rights and duties of a trustee and, accordingly, is treated as a fiduciary for the estate.

11. With Debtor's operations having ceased in early 2023, any plan will not be for rehabilitation, but can only be for payment of creditors from the liquidity that exists from the sale of Debtor's property. Indeed, there is no business to rehabilitate in this case.

12. Continuation of this case pursuant to Chapter 11 of the Bankruptcy Code will further diminish and erode the bankruptcy estate to the detriment of creditors.

13. Conversion to Chapter 7 will allow for the timely and efficient payment of creditors.

WHEREFORE, the United States Trustee respectfully requests the Court enter an order converting this case to a Chapter 7 liquidation.

DATED: April 22, 2024

           Respectfully Submitted,

           JERRY L. JENSEN
           ACTING UNITED STATES TRUSTEE

By: */s/ Amy B. Blackburn*
    Amy B. Blackburn (MO #48222)
    Trial Attorney
    Department of Justice, Office of the United
    States Trustee, Region 13
    Roman L. Hruska U.S. Courthouse
    111 S. 18th Plaza, Suite 1148
    Omaha, NE 68102
    Phone: (402) 221-4300
    Amy.B.Blackburn@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2024, the foregoing was electronically filed with the Clerk of the Bankruptcy Court using the CM/ECF system.

           */s/ Amy B. Blackburn*
           Amy B. Blackburn